IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

STATE FARM FIRE AND CASUALTY COMPANY, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 1:12cv1117-MHT
)
CONSTANCE TAYLOR and JASON WAGNER, )
)
Defendants. )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on the Motion for Disbursement of Funds (Doc. 44), filed by Defendant Jason Wagner ("Wagner"). Defendant Constance Taylor ("Taylor") has filed no motion for the disbursement of funds, but did file a Response (Doc. 49) and Objection (Doc. 50) to Wagner's Motion. In response, Wagner filed two Replies (Docs. 52 & 53). Taylor responded to these with another Objection (Doc. 54),[1] to which Wagner filed another Reply (Doc. 56). Finally, Taylor filed two more responses (Doc. 58 & 59). Upon consideration of the Motion for Disbursement of Funds (Doc. 44) and the myriad attending pleadings and exhibits in support, and for the reasons stated below, it is the Recommendation of the undersigned Magistrate Judge that the Motion for Disbursement of Funds (Doc. 44) be GRANTED.

[1] The court construes Taylor's Objections (Docs. 50 & 54) as Responses.

## I. INTRODUCTION

This case concerns a dispute over who should receive the proceeds from homeowner's insurance policy number 01-BL-Y100-8, issued to Taylor by State Farm Fire and Casualty Company ("State Farm"), on October 18, 2011, for a dwelling located at 1603 Squire Court, Dothan, Alabama 36301. Wagner was named the "loss payee/mortgagee" on the policy. On or about October 25, 2011, the dwelling insured by the Policy burned and was considerably destroyed. Taylor submitted a claim for loss under the dwelling coverage and the personal property coverage of the policy and Wagner submitted a claim under the dwelling coverage. State Farm paid Taylor under the personal property coverage portion of the policy. As to the dwelling coverage claims, State Farm filed the instant matter in this court, invoking the court's jurisdiction pursuant to the diversity statute, *see* 28 U.S.C. § 1332, as a Plaintiff-Interpleader, deposited the disputed funds ($79,432.26) with the clerk of this court, and was subsequently discharged from any liability and dismissed from this action. *See* Order (Doc. 27).

## II. BACKGROUND

Taylor and Wagner entered into a mortgage contract, on January 28 2011, whereby Taylor would purchase the subject property for $99,000.00 from Wagner and Wagner would "owner finance" the mortgage. *See* Mortgage Contract (Doc. 44-1). Wagner held a first mortgage on the house and issued Taylor a warranty deed subject to the first and second mortgages. A condition of the mortgage contract required Taylor to maintain insurance on the subject property against loss due to fire and to make Wagner the loss payee. *Id*. at 2.

As stated above, after the fire, both Defendants made claim to the dwelling coverage portion of the policy and Taylor made claim to the personal property coverage. State Farm paid Taylor under the personal property coverage. Taylor stopped making mortgage payments on the subject property and on June 8, 2012, Wagner foreclosed on the property.

## III. DISCUSSION

Wagner asserts that he is entitled to the entirety of the funds because he is the named Loss Payee in the subject insurance policy. Pl.'s Br. (Doc. 44-1) at 4. Defendant Taylor originally requests the court distribute twenty-five percent of the funds to Wagner, Doc. 54, but later modifies that request to seek all of the funds, *see, e.g.*, Doc. 58 at 2. Taylor's request for the funds is based on Wagner's foreclosure of the property, the fact that Wagner may have another insurance policy on the property, and because she made the insurance payments on the subject homeowner's insurance policy. *See* Docs. 49 & 54.

Because Wagner is designated as the Loss Payee on the policy, normal contract interpretation would dictate that he receive the funds. *See Pub. Bldg. Auth. Of City of Huntsville v. St. Paul Fire & Pub. Bldg. Auth. of City of Huntsville v. St. Paul Fire & Marine Ins. Co.*, 80 So. 3d 171, 180 (Ala. 2010) ("Under Alabama law, [] when interpreting a contract, [a court] must follow the plain language of the contract."). Taylor then must overcome the plain language of the contract in order to receive the funds.

In that regard, Taylor argues that she is entitled to the funds because Wagner foreclosed on the property, making him ineligible for the funds. As Wagner points out, it

appears Taylor is attempting to assert defenses reserved for State Farm. That is, the issue of how much of the money is disbursed to the payee following a foreclosure may be subject to the "foreclosure after loss rule." "Under the 'foreclosure after loss rule,' the mortgagee 'forfeits his right to recover, under the policy, the amount of loss insured against, by foreclosure and purchase at the foreclosure sale or other full satisfaction of the mortgage debt, where such satisfaction occurs subsequent to the loss in question.'" *Am. Fire & Indem. Co., Inc. v. Weeks*, 693 So. 2d 1386, 1388 (Ala. Civ. App. 1997) (quoting *Nationwide Mut. Fire Ins. Co. v. Wilborn*, 291 Ala. 193, 198, 279 So. 2d 460, 465 (1973)). The question of what Wagner can recover from State Farm is not related to Taylor. *See Allstate Ins. Co. v. James*, 779 F.2d 1536, 1539 (11th Cir. 1986) ("Any recovery had by the mortgagees against the mortgagors would necessarily reduce the mortgagees' recovery against Allstate. If the foreclosure and sale of the property brought the full amount of the debt, the note and mortgage would be extinguished, *see, e.g.*, *Muscle Shoals Nat'l Bank v. Hallmark*, 399 So. 2d 297 (Ala. 1981), and Allstate would not be liable to the mortgagees under the loss payable clause of the policy. *Gordon's Transport Federal Credit Union v. Alabama Farm Bureau Mutual Casualty Ins. Co.*, 278 Ala. 338, 178 So. 2d 164 (1965). If the sale does not bring the full amount due to the mortgagees, the liability of Allstate to the mortgagees would be reduced. *See Aetna Ins. Co. v. Baldwin County Savings & Loan Ass'n*, 231 Ala. 102, 163 So. 604 (1935)."). Taylor has no basis to raise defenses on State Farm's behalf and certainly could not recover any funds State Farm might have claimed it did not owe to the payee. In any

event, State Farm has interpleaded the funds here, resolving the issue of the amount of funds it is required to disburse.

Similarly, whether Wagner had another insurance policy on the property under the first mortgage is not Taylor's concern. That would be the concern of State Farm, Wagner, and any other insurer. As to Taylor's claim that she is entitled to the funds because she made the insurance payments, the court finds this argument without merit. Taylor was required under the insurance contract to maintain the insurance with Wagner as payee. Indeed, the underlying policy makes Wagner the payee. Thus, to distribute the funds to Taylor would both break the mortgage contract and violate the terms of the insurance policy.

Finally, Wagner makes defensive arguments in his Motion with regard to the equitable distribution of the funds. And, although Taylor puts forth no real arguments based on equity, the court has considered whether its decision comprises an equitable distribution of the funds, and can find no justification for Taylor to receive any of these insurance proceeds. Taylor enjoyed the use of the property during her mortgage payment period up until the time of the fire. She was compensated for the loss of her property in the fire and for her living expenses while the property was uninhabitable. The issue of the value of the property after the fire and after Wagner repaired the property, versus the current property value and the remaining first mortgage is, as stated above, not a matter between Wagner and Taylor. Instead, the court will uphold the terms of the insurance contract as "[i]nsurance contracts must be enforced as written, and judicial interpretation of such contracts cannot defeat their express provisions," *Miller v. Allstate Ins.*

*Companies*, 896 So. 2d 499, 501 (Ala. Civ. App. 2004), and distribute the funds, in their entirety, to Wagner.

**IV. CONCLUSION**

For the reasons stated above, it is RECOMMENDATION of the Magistrate Judge that Defendant Jason Wagner's Motion for Disbursement of Funds (Doc. 44) be GRANTED.

It is further

ORDERED that Plaintiff may file an objection to the Recommendation **on or before October 17, 2013**. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of October, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE